McLEMORE v. STATE.

(Division B. June 5, 1939. Suggestion of Error Overruled July 7, 1939.)

[189 So. 525. No. 33597.]

**Currie & Currie,** of Hattiesburg, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

LeRoy McLemore was indicted for possession of a still, tried, convicted and sentenced to one year in the state penitentiary; from which judgment this appeal is taken.

The evidence in regard to the still was procured by United States officers, who, discovering the still on certain lands, with mash ready for distillation, secreted themselves nearby. When LeRoy McLemore came upon the scene early in the morning, dipped some of the mash from the barrels, placed it in the still, and lighted the fire under the distillery, one of the officers approached and placed him under arrest. According to their evidence he made a voluntary statement, to the effect that the still belonged to him and his brother jointly, and was jointly operated by them. There was ample evidence to

show that the confession was voluntary, and that no promise or threat was made to secure it.

The still was located upon land formerly owned by the appellant's father, who had died, and which his mother occupied as her home. There was no proof to show that the appellant occupied the property as an heir, or that he was occupying it at all, any further than to operate the still upon it. The federal officers had no search warrant, but under the law of the state the widow of a homesteader is entitled to use the homestead during her lifetime; and consequently she has the right of possession to the exempt homestead, and to its proceeds, for her support, during her lifetime or the period of her widowhood. There is no showing that the property upon which the officers went belonged to the appellant, or that he had any proprietary interest in such land where the still was located, as a legal right.

One of the complaints made on appeal from the court below is the granting to the state the following instruction: "The Court charges the jury that more than one person can be guilty of possessing a whiskey still at the same time and place." The complaint being that this instruction assumes as a fact that the appellant had possession of the still in question. We think there is no merit in this contention. The facts stated above show without dispute that appellant was in possession; and the instruction simply announced the rule that two persons may jointly possess property—which, of course, is true.

The judgment of the court below is affirmed.

Affirmed.